UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-CR-00020-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| PEDRO OSCAR DIEGUEZ(1), ) | ORDER |
| MAXIMILIANO AGUILAR- ) | |
| RODRIGUEZ (2) & JUAN DIEGO ) | |
| AGUILAR-PRECIADO (3) ) | |
| ) | |

**THIS MATTER** is before the Court upon the Government's Notice of Appeal, Motion for Revocation of Conditions of Release, and Motion for Order of Detention regarding Defendant Maximilano Aguilar-Rodriguez ("Motion to Detain Defendant Aguilar-Rodriguez"), (Doc. No. 31), and the Government's Notice of Appeal, Motion for Revocation of Conditions of Release, and Motion for Order of Detention regarding Defendant Pedro Oscar Dieguez ("Motion to Detain Defendant Dieguez"), (Doc. No. 32). In its Motion, the Government seeks review of Orders Setting Conditions of Release by Magistrate Judge David S. Cayer granting pre-trial release for Defendant Aguilar-Rodriguez on a $100,000 unsecured bond, (Doc. No. 27), and Defendant Dieguez on a $100,000 unsecured bond, (Doc. No. 25). Specifically, the Government seeks pre-trial detention for both Defendants. For the reasons set forth below, the Government's Motion to Detain Defendant Aguilar-Rodriguez is GRANTED and the Government's Motion to Detain Defendant Dieguez is DENIED. Defendant Aguilar-Rodriguez is hereby ORDERED detained pending trial and his conditions of release are hereby REVOKED. Defendant Dieguez remains released pending trial, and his conditions of release remain unchanged.

Both Defendants in this case are charged with conspiracy to distribute, and to possess

1

with the intent to distribute, cocaine. This offense is chargeable under the Controlled Substances Act, 21 U.S.C. 801 et. seq. and carries a maximum term of imprisonment in excess of ten years. When a judicial officer finds probable cause that a person committed such an offense, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). However, such a presumption is rebuttable. Id. Factors that the Court shall consider when making such a determination are as follows:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance[] . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)-(4).

In a situation such as in the present case, "[w]hen [a] district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." United States v. Stewart, 19 F. App'x. 46, 48 (4th Cir. 2001) (per curiam) (unpublished). Using a de novo standard, the Court now applies the criteria set forth in 18

U.S.C. § 3142(g)(1)-(4) to each of the Defendants in the present case.

The Court first addresses the pre-trial detention of Defendant Aguilar-Rodriguez. With respect to the first factor set forth in 18 U.S.C. § 3142(g), the nature and circumstances of the offense charged, Defendant Aguilar-Rodriguez has been charged with a conspiracy to distribute cocaine which is alleged to extend nearly a decade, and involves over 100 kilograms of cocaine. This is a very serious offense, which involves a controlled substance. Defendant Aguilar-Rodriguez's Response to Government Appeal for Revocation ("Defendant Aguilar-Rodriguez's Response") does not challenge this point. (Doc. No. 37). As such, the first factor weighs against pre-trial release. With regard the second factor, the weight of the evidence, phone toll records link Defendant Aguilar-Rodriguez to his co-conspirators, and the Government possesses audio recordings of the Defendant discussing a 10 kilogram cocaine transaction with an undercover law enforcement officer. Defendant Aguilar-Rodriguez's Response argues that "[w]hile the government lists a number of general allegations that may appear to be, at least, circumstantial evidence. The government has failed to allege with specificity any unlawful acts which directly or indirectly link Mr. Aguilar-Rodriguez to the offense charge." (Doc. No. 37). The Court disagrees with this claim, and finds that weight of the evidence points against Defendant Aguilar-Rodriguez. With regard to the third factor, the history and characteristics of the Defendant, the Court notes that the Defendant has been unemployed for two years and has substantial ties to Mexico, where both he and his wife are originally from. Both travel to Mexico on at least a yearly basis. As such, the third factor points against pre-trial release. The fourth factor, the nature and seriousness of the danger to any person or the community that would be posed by the person's release, also strongly points against release as, according to the Government, a family member of a confidential informant in this case stated that they had been

contacted by Defendant Aguilar-Rodriguez in an attempt to try to find the informant. Accordingly, the Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant Aguilar-Rodriguez as required and the safety of the community. The Government's Motion to Detain Defendant Aguilar-Rodriguez is GRANTED and Defendant Aguilar-Rodriguez is hereby ORDERED detained pending trial and his conditions of release are hereby REVOKED.

The Court next addresses the detention of Defendant Dieguez. Having reviewing the record in this case, the Court finds that a condition of a $100,000 unsecured bond will reasonably assure the appearance of Defendant Dieguez, and that his release will not endanger the safety of the community. As such, the Government's Motion to Detain Defendant Dieguez is DENIED. Defendant Dieguez remains released pending trial, and his conditions of release remain unchanged as determined by Magistrate Judge Cayer.

Accordingly, for the above reasons, the Government's Motion is GRANTED with regard to Defendant Aguilar-Rodriguez and DENIED with regard to Defendant Dieguez. Defendant Aguilar-Rodriguez is hereby ORDERED detained pending trial and his conditions of release are REVOKED. Defendant Dieguez remains on release pending trial with no changes in his conditions of release.

IT IS SO ORDERED.

Signed: December 14, 2012

Frank D. Whitney
United States District Judge